IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

MELVIN JAMES JACKSON, :
:
    Plaintiff :
: 1:05-CV-171 (WLS)
vs. :
:
PEGGY CHESTER, :
:
    Defendant. :

## O R D E R

*Pro se* prisoner plaintiff **MELVIN JAMES JACKSON,** presently confined at the Dougherty County Jail in Albany, Georgia filed the above-styled complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed without pre-payment of the $250.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a) (2000). Without reaching the merits of Plaintiff's complaint, the Court finds that Plaintiff is not eligible to proceed *in forma pauperis*. Thus, for the reasons set forth more fully below, Plaintiff's request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED**.

Under 28 U.S.C. § 1915(g), commonly known as the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), a prisoner is generally precluded from proceeding *in forma pauperis* if at least three prior-prison generated lawsuits or appeals by the prisoner were dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted (dismissal without prejudice for failure to exhaust administrative remedies and dismissal for abuse of judicial process are also properly counted as strikes.). 28 U.S.C. § 1915(g) (2000); *accord* Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998). Section 1915(g) provides an exception to the three strikes rule, under

1

which, an inmate may proceed *in forma pauperis* if he alleges he is in "imminent danger of serious physical injury." 28 U.S.C. §1915(g) (2000).

The Eleventh Circuit has concluded that § 1915 does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law or an inmate's right to equal protection. Accordingly, the Eleventh Circuit upheld the constitutionality of §1915(g). Rivera, 144 F.3d at 721-27.

A review of court records on the U.S. District Web PACER Docket Report reveals that Plaintiff has brought at least three cases or appeals that were dismissed under the provisions of §1915. Jackson v. Saba, M.D. Ga. 1:05-cv-40-WLS (June 17, 2005); Jackson v. Jordan, M.D. Ga. 1:99-cv-39-WLS (February 25, 1999); Jackson v. McGinley, M.D. Ga. 1:99-cv-54-WLS (April 7, 1999). Accordingly, because Plaintiff has, while incarcerated, accumulated three "strikes" pursuant to § 1915(g), and does not presently allege facts sufficient to show that he is under imminent danger of serious physical injury, Plaintiff's request to proceed *in forma pauperis* is **DENIED.**

The instant action is hereby **DISMISSED** without prejudice because, a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). If Plaintiff wishes to bring a new civil rights action, he may do so by submitting new complaint forms and the entire $250.00 filing fee at the time of filing the complaint.

SO ORDERED, this **26th** day of January, 2006.

W. Louis Sands, Chief Judge
United States District Court